T.C. Memo. 2000-54


UNITED STATES TAX COURT


ELLA LOUISE WOOTEN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16544-98.                    Filed February 22, 2000.


Ella Louise Wooten, pro se.

Linda West, for respondent.


MEMORANDUM OPINION

COUVILLION, Special Trial Judge:  Respondent determined deficiencies of $3,759, $4,208, and $1,919 in petitioner's Federal income taxes for 1995, 1996, and 1997, respectively.

The issues for decision are:  (1) Whether petitioner is entitled to claim dependency exemption deductions under section

151(c)[1] for her children, William and Kenya Wooten; (2) whether petitioner is entitled to head-of-household filing status under section 2(a); and (3) whether petitioner is entitled to claim the earned income credit under section 32(a).

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. Petitioner's legal residence at the time the petition was filed was Jackson, Mississippi.

Petitioner was previously married to Willie Earnest Wooten (Mr. Wooten). Two children were born of this marriage: Kenya Darene, born on December 20, 1982, and William Barnard, born on April 1, 1984. Petitioner and Mr. Wooten were divorced on June 21, 1991, pursuant to a Final Judgment of Divorce (divorce decree) issued by the Chancery Court of the First Judicial District of Hinds County, Mississippi (chancery court). The divorce decree awarded petitioner and Mr. Wooten joint custody of the two children but did not designate a primary residence for the two children.

Mr. Wooten was awarded custody of the two children pursuant to a Final Judgment Awarding Custody of Children, Visitation Rights, Child Support and Property Settlement (custody decree) issued by the chancery court on July 16, 1993. The custody

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years at issue.

decree further awarded Mr. Wooten exclusive use and possession of the family home and designated that home as the primary residence of the children.  The custody decree awarded petitioner visitation rights and ordered petitioner to pay child support equal to 20 percent of her adjusted gross income but not less than $50 per month per child.

During the years at issue, Mr. Wooten made the mortgage payments on the family home, and the two children lived with him in that home.  Mr. Wooten was employed during this period and provided for the needs of the children.  Neither Mr. Wooten nor the two children were receiving any public assistance during the years at issue.

On her Federal income tax returns for 1995, 1996, and 1997, petitioner claimed dependency exemption deductions for Kenya and William.  For all 3 years, petitioner claimed head-of-household filing status under section 2(a) and the earned income credit under section 32(a).  In a notice of deficiency for the 3 years at issue, respondent disallowed the dependency exemption deductions for Kenya and William and determined petitioner's filing status to be single.  Respondent also disallowed the earned income credit for 1995 and 1996 and adjusted petitioner's claimed earned income credit for 1997.  See infra note 2.

Respondent disallowed the dependency exemption deductions claimed by petitioner for William and Kenya Wooten because Mr.

Wooten was the custodial parent of the two children and was thus treated as providing over half of their support for each year, regardless of the actual support provided by petitioner. Section 151(c) allows taxpayers to deduct an annual exemption amount for each dependent, as defined in section 152. Under section 152(a), the term "dependent" means certain individuals, such as a son or daughter, over half of whose support was received from the taxpayer (or is treated under subsections (c) or (e) as received from the taxpayer) during the taxable year in which such individuals are claimed as dependents.

The support test in section 152(e)(1) applies if: (1) A child receives over half of his support during the calendar year from his parents; (2) the parents are divorced under a decree of divorce; and (3) such child is in the custody of one or both of his parents for more than one half of the calendar year. If these requirements are satisfied, as in the present case, the "child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (* * * referred to as the custodial parent)" thus allowing the dependency exemption to be claimed by the "custodial parent". Sec. 152(e)(1).

To decide who has custody, section 1.152-4(b), Income Tax Regs., provides that custody will be determined by the terms of

the most recent custody decree if there is one in effect. Since the State court custody decree declared that the primary residence of the children was with Mr. Wooten, he is considered the children's custodial parent under section 152(e). Therefore, Mr. Wooten is entitled to claim the dependency exemption deductions for William and Kenya.

Petitioner, as the noncustodial parent, would be allowed the dependency exemption deductions only if one of three statutory exceptions were met. Under these exceptions, the noncustodial parent is treated as providing over half of a child's support and, therefore, is entitled to the dependency exemption deductions if:

(1)(a) The custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent, and

(b) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year (section 152(e)(2)); or

(2) a multiple support agreement pursuant to section 152(c) determines support (section 152(e)(3)); or

(3)(a) a qualified pre-1985 instrument provides that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, and

(b) the noncustodial parent provides at least $600 for the support of such child during the calendar year (section 152(e)(4)).

None of the exceptions to the general rule apply in the present case. Petitioner did not present evidence of a written declaration from Mr. Wooten relinquishing his right to claim Kenya and William as dependents, there was no multiple support agreement, and there was no pre-1985 instrument since petitioner's divorce decree was rendered in 1991. Accordingly, the Court sustains respondent's determination that petitioner is not entitled to dependency exemption deductions for Kenya and William for 1995, 1996, and 1997.

Respondent determined petitioner's filing status to be single rather than head-of-household for 1995, 1996, and 1997 and disallowed the earned income credit for 1995 and 1996 because William and Kenya did not reside with petitioner for more than 6 months during any of these years. Respondent also adjusted the amount of petitioner's 1997 earned income credit to reflect that petitioner did not have a qualifying child for that year because William and Kenya did not reside with petitioner for more than 6 months during 1997. See infra note 2.

Section 2(b) defines head-of-household as an individual taxpayer who is unmarried at the close of his or her taxable year and who maintains as his or her home a household that constitutes

the principal place of abode for more than one-half of the taxable year of a son or daughter of the taxpayer who resides there as a member of that household. An individual taxpayer is considered as maintaining a household only if he or she furnishes more than one-half of the cost of maintaining that household. See sec. 2(b).

Section 32(a) provides for an earned income credit in the case of an eligible individual. Section 32(c)(1)(A), in pertinent part, defines an "eligible individual" as an individual who has a qualifying child for the taxable year.[2] Sec. 32(c)(1)(A)(i). A qualifying child is one who satisfies a relationship test, a residency test, an age test, and an identification requirement. See sec. 32(c)(3). To satisfy the residency test, the qualifying child must have the same principal place of abode as the taxpayer for more than one-half of the taxable year in which the credit is claimed. See sec. 32(c)(3)(A)(ii).

---

[2] Although petitioner may be considered an eligible individual without a qualifying child pursuant to sec. 32(c)(1)(A)(ii), petitioner is not entitled to an earned income credit for 1995 and 1996 because her adjusted gross income for those years exceeds the sec. 32(a) limitation for such eligible individuals. However, petitioner's 1997 adjusted gross income did not exceed the sec. 32(a)(2) limitation for such eligible individuals. Accordingly, respondent allowed petitioner the earned income credit for 1997 as an eligible individual without a qualifying child. However, petitioner's claim to the earned income credit was based on her having two qualifying children.

Mr. Wooten was awarded custody of the two children in 1993. William and Kenya lived with Mr. Wooten, and he provided their support during the years at issue.  Petitioner did not provide any evidence that Kenya or William resided in her home for more than 6 months during 1995, 1996, or 1997.  Since the two children did not have their principal place of abode with petitioner for more than 6 months during 1995, 1996, or 1997, petitioner is not entitled to head-of household filing status for those years or the earned income credit for 1995 and 1996, nor is she entitled to the earned income credit as an eligible person with two qualifying children.  Respondent, therefore, is sustained in the disallowance of petitioner's claimed head-of-household filing status for 1995, 1996, and 1997 and the earned income credit for 1995 and 1996 as well as in the adjustment of petitioner's 1997 earned income credit.

In addition, petitioner presented no evidence to establish the amount of support she provided during the years in question and no evidence to establish that such amounts constituted more than one-half of the total support provided to her children.  The record contains copies of several State court orders that decreed petitioner in arrears in her child support obligations and ordered withholdings from her earnings to be paid to the Department of Human Services, State of Mississippi.  In addition, for 1 or more of the years at issue, it appears that the

refundable earned income credit claimed by petitioner on her income tax returns was remitted by respondent to the Mississippi Department of Human Services, under section 6402(c), to offset petitioner's past due support obligations.  At trial, petitioner challenged respondent's authority to remit such amounts; however, this Court has no authority to restrain or review any credit or reduction made by the Commissioner under section 6402.  See sec. 6512(b)(4); <u>Savage v. Commissioner</u>, 112 T.C. 46 (1999).

<u>Decision will be entered</u>

<u>for respondent.</u>