T.C. Memo. 2003-113


UNITED STATES TAX COURT


ELLA LOUISE WOOTEN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7128-02L.                    Filed April 21, 2003.


Ella Louise Wooten, pro se.

John F. Driscoll, for respondent.


MEMORANDUM OPINION

BEGHE, Judge:  Respondent has moved pursuant to Rule 121[1]
for summary judgment that respondent may proceed to collect
petitioner's outstanding liabilities for Federal income taxes and
interest for tax years 1995 through 1997.

_____

[1]Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code, as amended.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted where there is no genuine issue of material fact and decision may be rendered as a matter of law.  Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).  The moving party bears the burden of proving there is no genuine issue of material fact; factual inferences will be made most favorably to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  When, however, a motion for summary judgment is made and properly supported, the party opposing summary judgment may not rely on mere allegations or on denials of the movant's pleadings but must set forth specific facts in dispute and show that there is a genuine issue for trial.  Rule 121(d).

As discussed below, we conclude that no material fact is in dispute and that respondent is entitled to summary judgment as a matter of law.  Accordingly, we shall grant respondent's motion.

## Background

For each of her taxable years 1995, 1996, and 1997, petitioner timely filed a Federal income tax return claiming head-of-household filing status, dependency deductions under

section 151(c) for her two children, and the earned income credit under section 32(a). On each return petitioner claimed she was entitled to a refund.

In accordance with sections 6402(c) and (d), respondent transferred the refund claimed by petitioner on her 1995 Federal income tax return to the Mississippi Department of Human Services and to the U.S. Department of Agriculture in partial satisfaction of petitioner's respective unpaid child support and food stamp obligations. In accordance with section 6402(c), respondent also transferred the refunds claimed by petitioner on her 1996 and 1997 Federal income tax returns to the Mississippi Department of Human Services in partial satisfaction of unpaid child support obligations.

Respondent thereafter examined petitioner's returns for the 3 years in issue and determined that she was not entitled to head-of-household filing status or the dependency deductions, that the earned income credit for 1995 and 1996 should be disallowed, and that the earned income credit petitioner claimed for 1997 should be reduced to reflect that she was not entitled to treat the children as her dependents. Respondent issued a deficiency notice to those effects, petitioner timely petitioned this Court for a redetermination, and respondent filed an answer. Respondent and petitioner lodged pretrial memoranda with the Court, and there was a trial on the merits in which petitioner

participated meaningfully, as confirmed by our examination of the transcript of the trial proceedings. This Court sustained the deficiencies determined by respondent--which exceeded the refunds petitioner had claimed--and entered decision for respondent. Wooten v. Commissioner, T.C. Memo. 2000-54, appeal dismissed (5th Cir. 2000). In so doing, this Court did not adjudicate petitioner's complaints that she had never agreed to the transfer of her refunds to the Department of Human Services and the Department of Agriculture, nor did the Court adjudicate her dispute over the existence and amounts of her obligations to those agencies. This, the Court explained, was because it lacked jurisdiction to restrain or review any credit or reduction by the Commissioner under section 6402 (citing section 6512(b)(4) and Savage v. Commissioner, 112 T.C. 46 (1999)).

On or about April 5, 2000, respondent assessed the deficiencies and related interest against petitioner in the following amounts:

| Tax Year | 1995 | 1996 | 1997 | Totals |
|---|---|---|---|---|
| Deficiency | $3,759.00 | $4,208.00 | $1,919.00 | $9,886.00 |
| Interest | 1,471.77 | 1,555.67 | 317.44 | 3,344.88 |
| Totals | 5,230.77 | 5,763.67 | 2,236.44 | 13,230.88 |

On or about April 15, 2001, respondent applied a $3,478 refund claimed by petitioner on her taxable year 2000 tax return to the balance then due on her 1995 tax year account.

On or about May 15, 2001, respondent prepared a notice of Federal tax lien to assist in the collection of the cumulative unpaid balance then accrued on petitioner's 1995 through 1997 tax liabilities. On May 21, 2001, respondent sent petitioner an IRS "Letter LT-11 – FINAL NOTICE: NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING". On May 24, 2001, respondent sent petitioner an IRS "Letter 3172(DO) – NOTICE OF FEDERAL TAX LIEN FILING AND YOUR RIGHT TO A HEARING UNDER IRC 6320". On May 30, 2001, the notice of Federal tax lien prepared by respondent on May 15, 2001, was filed with the Chancery Court Clerk, Hinds County – District 1, Jackson, Mississippi.[2]

On June 18, 2001, petitioner mailed respondent IRS "Form 12153 – Request for a Collection Due Process Hearing" in response to both the May 21, 2001, IRS "Letter LT-11" and the May 24, 2001, IRS "Letter 3172(DO)" referred to above. The Form 12153 was received by respondent on June 26, 2001. In the Form 12153 petitioner alleged that respondent, without petitioner's prior consent, acted improperly in transferring overpayment credits in her 1995 through 1997 tax accounts to the Department of Human

---

[2]Respondent's lien notice in the amount of $12,830.88 appears to be incorrect in two respects: It contains a typographical error in the statement of the 1996 deficiency and accrued interest, which causes the lien amount set forth in the notice to be $400 less than the total assessed liabilities summarized in the table above, and it fails to give petitioner credit for the application of her refund for the tax year 2000 against the balance due on her 1995 tax year account.

Services in partial satisfaction of outstanding child support obligations, and that respondent also acted improperly in transferring an overpayment credit in her 1995 tax account to the Department of Agriculture.

During respondent's consideration of the Form 12153 described above, respondent's Appeals officer obtained an IRS "TXMODA - Transcript of Account" in regard to each of petitioner's 1995, 1996, and 1997 tax years. From those transcripts the Appeals officer verified that all applicable laws and administrative procedures were satisfied. In no document relevant to this case and at no hearing relevant to this case did petitioner, with the exception of the disputed issue described above, allege either that respondent failed to meet all applicable law and administrative procedures or that respondent's Appeals officer failed to verify that respondent satisfied all applicable laws and administrative procedures as required by section 6330(c)(1). Nor did petitioner raise any spousal defenses, any challenges to the appropriateness of collection actions, or any offers of collection alternatives to respondent's Appeals officer.

Respondent held a hearing in regard to the Form 12153 filed by petitioner. After that hearing, respondent sent petitioner an IRS Form 3193 - NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330, dated March 21, 2002,

sustaining the filing of the notice of Federal tax lien and the determination to levy thereunder.

On March 27, 2002, petitioner timely mailed this Court a letter that, on April 8, 2002, the Court filed as her imperfect petition for lien or levy action under Code Section 6320(c) or 6330(d) initiating the present action under section 6330(d).

In the amended petition to perfect her case, which the Court filed on May 9, 2002, petitioner again alleged that, in the absence of a judicial determination or petitioner's express consent, respondent acted improperly in transferring overpayment credits in her 1995 through 1997 tax accounts to the Department of Human Services and the Department of Agriculture.

At the times of filing her petition and amended petition, petitioner was a resident of Jackson, Mississippi.

In her written objections to respondent's motion, petitioner amplifies her allegations by casting aspersions on the continued existence of the chancery courts in Mississippi and of their power to grant divorces and of the validity or existence of her divorce under Mississippi law, as well as the existence and amounts of her child support and food stamp obligations. Petitioner's objections do not dispute any of the allegations in the affidavit of respondent's Appeals officer in support of respondent's motion.

## Discussion

In her petition and amended petition in this case and in her objections to respondent's motion, petitioner attempts to challenge the existence or amounts of her underlying tax liabilities for the years in issue by bringing up again and elaborating on allegations and arguments she made in the prior case in this Court that upheld the deficiencies determined by respondent.  Wooten v. Commissioner, T.C. Memo. 2000-54, appeal dismissed (5th Cir. 2000).

In an effort to give this pro se petitioner the benefit of the doubt, we broadly interpret petitioner's Form 12153 request for a hearing, her petition to this Court, and her objections to respondent's motion as embodying both (1) an effort to dispute the deficiencies determined by respondent and upheld by this Court in Wooten v. Commissioner, supra, and (2) objections to respondent's actions pursuant to section 6402 in paying the refunds claimed on her returns to the Mississippi Department of Human Services and the U.S. Department of Agriculture.

### Issue 1:  Petitioner's Tax Liabilities

Petitioner's tax liabilities cannot be put in issue in this case because they were decided in the prior case in this Court that redetermined petitioner's tax liabilities for the years in issue.  Section 6330(c)(4) provides in relevant part:

CERTAIN ISSUES PRECLUDED.--An issue may not be raised at the hearing if--

(A)  the issue was raised and considered at a previous hearing under section 6320 or in any other previous administrative or judicial proceeding; and

(B)  the person seeking to raise the issue participated meaningfully in such hearing or proceeding.

As we observed in Magana v. Commissioner, 118 T.C. 488, 492 (2002):

Section 6330(c)(4) expressly provides that taxpayers, at collection hearings before respondent's Appeals Office, may not raise issues that were previously raised by taxpayers and considered in any other administrative or judicial proceeding in which the taxpayers meaningfully participated.  See secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs. * * *

We take judicial notice of the opinion and record in Wooten v. Commissioner, supra, that the claims petitioner wishes to make in this case were raised by her in that prior case and that she participated meaningfully in that case.

Section 6330(c)(4) in effect codifies the legal doctrines of res judicata and collateral estoppel in their application to collection proceedings.  Even in the absence of section 6330(c)(4), this situation would be governed by the legal doctrine of res judicata, which means "a matter adjudged"; under this doctrine, a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the same parties, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of

action.  See Black's Law Dictionary 1312 (7th ed. 1999) (citing

Restatement (Second) of Judgments, secs. 17, 24 (1982)); Wright,

Law of Federal Courts, sec. 100A at 722-723 (5th ed. 1994).  In

application to the case before us, this means that the party (Ms.

Wooten) who lost the prior case (Wooten v. Commissioner, supra)

is precluded in this later collection case from making the same

claim the Court rejected in the prior case.

Finally, insofar as petitioner seeks to put her tax

liabilities in issue, she is also precluded from doing so by

section 6330(c)(2)(B), which provides:

> Underlying liability.--The person may also raise
> at the hearing challenges to the existence or amount of
> the underlying tax liability for any tax period if the
> person did not receive any statutory notice of
> deficiency for such tax liability or did not otherwise
> have an opportunity to dispute such tax liability.

Of course, petitioner did receive a statutory notice of

deficiency for the liabilities in issue, and she had an

opportunity, which she took advantage of by filing a petition and

participating meaningfully in the Tax Court proceeding, to

dispute the liabilities.

Issue 2:  Payments to Other Agencies

Pursuant to section 6402(c) and (d), the Commissioner is

legally required to transfer any existing Federal income tax

overpayments of a taxpayer to satisfy any obligations of the

taxpayer identified in that section, viz, amounts of past-due

support owed by that person of which the Secretary has been

notified by a State in accordance with section 464 of the Social
Security Act and amounts owed to Federal agencies.  Under section
6402(f):

> No court of the United States shall have jurisdiction
> to hear any action * * * brought to restrain or review
> a reduction authorized by subsection (c) [or] (d)
> * * *.  No such reduction shall be subject to review by
> the Secretary in an administrative proceeding.  No
> action brought against the United States to recover the
> amount of any such reduction shall be considered to be
> a suit for refund of tax.  This subsection does not
> preclude any legal, equitable, or administrative action
> against the Federal agency or State to which the amount
> of such reduction was paid * * *.

Petitioner's arguments that respondent's payments to the
Department of Human Services and the Department of Agriculture
were improper cannot be adjudicated in this case.  Section
6402(f) forbids her to sue the Commissioner in any Court to
recover the payments.  The Tax Court has no jurisdiction to
entertain any such suit.  Section 6402(f) makes it clear that if
petitioner has any claim to recover the payments, petitioner is
required to make her claims directly against the recipient
agencies.[3]

Issue 3:  Respondent's Administrative Determinations

Where, as in this case, the taxpayer's underlying tax
liabilities are not in issue, we review the Commissioner's

---

[3]In making this observation, we do not wish to mislead
petitioner into thinking we are holding she has valid claims
against the agencies, even if the statutory time periods for
making any such claims against the agencies have not already
expired.

determination for abuse of discretion.  <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181 (2000).  With exception of the issues identified and disposed of above by the application of sections 6330(c)(4), 6330(c)(2)(B), and 6402(f), petitioner has raised no other issue in this case.

Respondent's Appeals officer verified that respondent met all applicable laws and administrative procedures, thereby satisfying the requirements of section 6330(c)(1).  Petitioner has not challenged that determination except for the above-mentioned claims we have already disposed of.

All the other requirements of section 6330(c)(3)(B) were satisfied because petitioner did not raise any issue described in section 6330(c)(2)(A)(i) (spousal defenses) or (ii) (challenges to the appropriateness of collection actions).

The requirements of section 6330(c)(3)(C) are satisfied in this case inasmuch as petitioner failed to offer any specific collection alternatives, as described in section 6330(c)(2)(A)(iii).  Respondent's Appeals officer determined that the disputed actions of respondent properly balanced the need for the efficient collection of taxes with the legitimate concern that any collection be no more intrusive than necessary. Petitioner has failed to assert specifically that the Appeals officer's balancing determination was erroneous or to allege any specific facts in support of any assertion to that effect.  We

conclude as a matter of law that respondent did not abuse his discretion in determining to sustain the notice of lien and to proceed with collection of the tax liabilities and interest assessed against petitioner.

There are no genuine issues of material fact.  Summary judgment is appropriate, see Rule 121(b), and we shall therefore grant respondent's motion for summary judgment.

<u>An appropriate order and</u>

<u>decision will be entered</u>.