T.C. Summary Opinion 2018-18

UNITED STATES TAX COURT

ALLEN A. VEST, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13295-16S L.                    Filed April 4, 2018.

Allen A. Vest, pro se.

<u>Kristen I. Nygren</u> and <u>Susan S. Canavello</u>, for respondent.

SUMMARY OPINION

NEGA, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]All section references are to the Internal Revenue Code in effect at all
relevant times.  All monetary amounts are rounded to the nearest dollar.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Petitioner seeks review of a Notice of Determination Concerning Collection Action(s) Under Section(s) 6320 and/or 6330 (notice of determination) sustaining a proposed levy action with respect to petitioner's unpaid Federal income tax (tax) liabilities for years 2012 and 2014 (years at issue).

## Background

Some of the facts are stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed his petition with this Court, petitioner resided in Louisiana.

Petitioner filed tax returns for the years at issue, reporting a balance due for each of those years. Petitioner, however, failed to pay these balances in full when due. For each year at issue, respondent promptly assessed the total tax shown in petitioner's return, as well as applicable interest and additions to tax under section 6651(a)(2) for failure to timely pay and section 6654 for failure to pay estimated tax (collectively, unpaid liabilities). To satisfy his unpaid liabilities petitioner arranged installment agreements with respondent for the years at issue.[2]

---

[2]Petitioner's installment agreement for 2012 was established on November 18, 2013. His installment agreement for 2014 was established on June 27, 2015.

Petitioner is the sole shareholder of Vestco Tennis Courts, Inc. (Vestco). Vestco had an outstanding tax balance due for years 2005 and 2007 and was, additionally, in arrears with respect to the repayment of a loan that it owed to the U.S. Small Business Administration (SBA). At a time not established by the record, and in order to recover Vestco's nontax past-due balance, the SBA requested that the Department of the Treasury retain and remit to the SBA any overpayment in tax that might be made by Vestco, pursuant to section 6402(d) (Treasury offset program).

On November 26, 2013, petitioner mailed respondent a $10,000 check drawn on a Vestco checking account. The check lacked any instruction directing respondent to credit the payment against any specific account and, in the absence of any direction to the contrary, respondent applied that check against Vestco's liabilities for 2005 and 2007. The payment exceeded Vestco's unpaid tax and resulted in a $7,333 overpayment being credited to Vestco's account balance (Vestco overpayment). Rather than collecting and redirecting the overpayment to the SBA, respondent contacted petitioner seeking direction as to how petitioner wished to apply the Vestco overpayment. Petitioner requested that respondent apply the Vestco overpayment against his unpaid tax balance for 2012.

Initially, respondent applied the Vestco overpayment to petitioner's account as requested. This reduced but did not eliminate petitioner's balance due for 2012. Under the terms of the Treasury offset program, however, respondent's action was in error, as the SBA held a priority claim to the Vestco overpayment and respondent was required to collect and remit it accordingly. On July 8, 2014, respondent reversed his erroneous application of the Vestco overpayment against petitioner's 2012 balance, remitted the Vestco overpayment to the SBA, and notified petitioner of this transaction. As a result of respondent's corrective measures, petitioner's 2012 balance due reverted to its previously assessed amount.

During the 14 months that followed, petitioner continued to make monthly installment payments toward his outstanding balance for 2012, but he ceased doing so in October 2015. This resulted in a default on his installment agreements for the years at issue.[3] On November 11, 2015, in an effort to collect petitioner's remaining unpaid balances for the years at issue, respondent sent petitioner a Letter LT-11, Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice). In response, petitioner timely requested a collection due process

_____

[3]At the time of his installment agreement default petitioner remained liable for assessed unpaid balances of $8,467 and $20,289 for tax years 2012 and 2014, respectively.

(CDP) hearing, alleging that his 2012 balance was paid in full, but declining to contest the levy notice with respect to his 2014 balance due.

On April 21, 2016, petitioner and an officer of respondent's Office of Appeals (Appeals officer) participated in a telephone CDP hearing. During that hearing, petitioner sought to dispute only the propriety of respondent's remittance of the Vestco overpayment to the SBA. The Appeals Officer explained to petitioner that, under section 6402(g), disputes as to any payment made under the Treasury offset program must be made to the Federal agency so paid, here the SBA.

Petitioner did not request to be considered for any collection alternatives, nor raise any other concerns with the assessment of his tax liabilities or additions to tax for the years at issue. The Appeals Officer confirmed that respondent had adhered to all applicable law and administrative procedure in assessing and instituting an action for the collection of petitioner's unpaid balances for the years at issue, and sustained the proposed levy.

## Discussion

Section 6330 requires the Commissioner to notify a taxpayer if he intends to levy on that taxpayer's property. The notice must inform the taxpayer of his or her right to a CDP hearing regarding the proposed levy. Sec. 6330(a). In a CDP

hearing taxpayers may raise any relevant issue or request the consideration of a collection alternative. Sec. 6330(c)(2)(A). Taxpayers may not challenge the existence or amount of the underlying tax liability unless they did not otherwise have a prior opportunity to do so. Sec. 6330(c)(2)(B).

Independent of any issues raised by the taxpayer, the Appeals Officer administering the CDP hearing must verify that the Commissioner met the requirements of all applicable law and administrative procedure. Sec. 6330(c)(1). After considering all issues raised by the taxpayer and completing the verification required by statute, the Appeals officer will issue a notice of determination. Id. Taxpayers dissatisfied with the conclusions therein may appeal to this Court for review of that administrative determination. Sec. 6330(d).

When the amount or existence of an underlying tax liability was properly at issue in the CDP hearing, we review that aspect of the Appeals Officer's determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). As to issues other than the underlying liability, we review the determination for an abuse of discretion, to ensure that the determination was not arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Goza v. Commissioner, 114 T.C. at 182.

The only issue raised by petitioner relates to the propriety of respondent's remittance of the Vestco overpayment to the SBA. That action, however, does not relate to Mr. Vest in his individual capacity. It relates to Vestco, which although it is Mr. Vest's wholly owned corporation, is a separate and distinct taxpayer that is not a party here. Therefore, it is not appropriate for us to review that action in this proceeding. In addition, even if review of that action were appropriate here, insofar as petitioner requests this Court review the validity of respondent's administrative actions taken with respect to the Vestco overpayment, we lack the jurisdiction to provide petitioner the review he seeks. See Terry v. Commissioner, T.C. Memo. 2016-88, at *7 n.3.

Section 6402(d), the Treasury offset program, requires the Commissioner, upon receiving notice from any Federal agency that a taxpayer owes a past-due legally enforceable debt to that agency, to reduce the amount of any overpayment due that taxpayer by the amount of such debt and remit that amount to the notifying Federal agency.

This duty is mandatory upon the Commissioner and overrides any request by the taxpayer that an overpayment be credited or refunded otherwise. Sec. 301.6402-6(g)(3), Proced. & Admin. Regs.; see Terry v. Commissioner, at *7-*8. In this regard, the terms of the Treasury offset program place the Commissioner in

the limited and purely ministerial role of collecting those debts referred to him by other Federal agencies. Wooten v. Commissioner, T.C. Memo. 2003-113, slip op. at 10-11.

Pursuant to section 6402(g), "[n]o court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review" the Commissioner's offsets to overpayments made pursuant to the Treasury offset program. The Commissioner is barred from providing administrative review of the same. Id.; sec. 301.6402-6(l), Proced. & Admin. Regs. Petitioner's sole allegation of error here is that respondent's remittance of the Vestco overpayment to the SBA was inappropriate. As stated, we decline to engage in any substantive review of this issue. See Jordan v. Commissioner, T.C. Memo. 2006-95, slip op. at 9-10, aff'd, 226 F. App'x 15 (1st Cir. 2007).

The administrative record establishes that the Appeals Officer took all steps to verify that respondent complied with the requirements of applicable law and administrative procedure in assessing petitioner's unpaid liabilities and in proposing to collect petitioner's balance due. Thus, on the record before us, we sustain the notice of determination and the related collection action.

We have considered all the other arguments made by the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.