**In re Alice FITZGERALD, Debtor.**

**Bankruptcy No. 95–34913–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Jan. 22, 1996.

Raymond Sanders, pro se.

A. Jackson Boylan, Chester, VA.

Robert E. Hyman, Chapter 13 Trustee, Richmond, VA.

### *MEMORANDUM OPINION*

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This case is before the court on Raymond Sanders' motion to proceed in forma pauperis. Sanders, an alleged creditor of the debtor, requests to proceed in forma pauperis on a complaint to exclude a debt from chapter 13 plan and rescission of stay. For the reasons stated in this memorandum opinion, the court will deny the motion to proceed in forma pauperis.

### *Findings of Fact*

Debtor, Alice Fitzgerald, filed a chapter 13 petition on November 15, 1995. On January 10, 1996, Raymond Sanders, pro se, filed a motion for enlargement of time,[1] a complaint,[2] and a motion for exclusion from chapter 13 plan and rescission of stay.[3] Along with these motions, Sanders filed a motion to proceed in forma pauperis with regard to the

---

1. The motion requests an enlargement of time to file an adversary proceeding complaint and motion for exclusion from chapter 13 plan.

2. The complaint, which is inartfully drawn, appears to be a complaint to determine the dischargeability of debt under 11 U.S.C. § 523(a)(2)(A).

3. Sanders' motion seeks to seek relief from the automatic stay in order to allow Sanders to enforce his prepetition state court garnishment against the debtor.

complaint only. Because Sanders has not paid the required filing fee nor filed a motion to proceed in forma pauperis concerning the motion for exclusion from chapter 13 plan and rescission of stay, the clerk's office has rejected the motion.

As reasons to support his motion for proceeding in forma pauperis, Sanders states that he is incarcerated, unemployed and is without funds to pay the required filing fees.

### Discussion and Conclusions of Law

■■■ In federal courts, applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915. Whether or not a party is to be authorized to proceed in forma pauperis is left up to the discretion of the court. The scope of § 1915 is very broad and a court may authorize a party to proceed in forma pauperis in "the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein." 28 U.S.C. § 1915(a).

■■■ In bankruptcy, however, Congress has placed limits on the ability of a party to proceed in forma pauperis. Section 1930(a) of Title 28 states "[n]ot withstanding section 1915 of this title, the parties commencing a case under title 11 shall pay to the clerk to the district court or the clerk of the bankruptcy court ... the following filing fees...." Section 1930 was enacted in light of the Supreme Court's decision in *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), in which the Court held that a discharge in bankruptcy was not a fundamental right and therefore the requirement of a filing fee to file a bankruptcy protection did not violate the equal protection clause. Clearly, § 1930 prohibits a bankruptcy court from waiving the filing fee for a debtor filing a bankruptcy petition. *See In re Richards,* 92 B.R. 258, 259 (Bankr. S.D.Ohio 1988); *In re Bauckey,* 82 B.R. 13, 14 (Bankr.D.N.J.1988); *Palestino v. Palestino (In re Palestino),* 4 B.R. 721, 722 (Bankr. M.D.Fla.1980).

It is not so clear, however, whether or not § 1930 prohibits a party from proceeding in forma pauperis in bankruptcy in actions other than the filing of the bankruptcy petition.

Some courts have used an expansive reading of § 1930(a) to hold that § 1930 prohibits a party from proceeding in forma pauperis in any bankruptcy proceeding. *See In re Fitzgerald,* 167 B.R. 689, 691 (Bankr.N.D.Ga. 1994); *Harris v. M.E.I. Diversified, Inc.,* 156 B.R. 814, 815 (Bankr.E.D.Mo.1993); *In re Rogers,* 147 B.R. 16, 17 (Bankr.E.D.Va.1992).

Pursuant to § 1915(a), only a "court of the United States may authorize [a party to proceed] without prepayment of fees and costs or security therefor." A second line of cases has concentrated on the issue of whether a not a bankruptcy court is a "court of the United States" and therefore whether or not a bankruptcy court has jurisdiction to authorize a party to proceed in forma pauperis. *Cf. Perroton v. Gray (In re Perroton),* 958 F.2d 889, 896 (9th Cir.1992) (concluding that bankruptcy court is not "court of the United States" and therefore lacks authority to waive fees under § 1915(a)) *with Huff v. Brooks (In re Brooks),* 175 B.R. 409, 412 (Bankr.S.D.Ala.1994) (holding that, as unit of district court under 28 U.S.C. § 151, bankruptcy court authority to rule on in forma pauperis motions flows to bankruptcy court through order of reference); *McGinnis v. McGinnis (In re McGinnis),* 155 B.R. 294, 296–97 (Bankr.D.N.H.1993) (holding that grant of jurisdiction to bankruptcy courts under 28 U.S.C. § 157(b), which allows bankruptcy courts to hear cases under title 11 and enter appropriate orders, authorizes a bankruptcy court to rule on in forma pauperis motion brought by creditor).

A third view is that § 1930(a), which requires the payment of a filing fee upon filing of a bankruptcy petition, applies only to the filing of the petition itself and does not apply to other proceedings in bankruptcy. *See Tripati v. United States Bankruptcy Court for the E. Dist. of Tex.,* 180 B.R. 160, 162–63 (E.D.Tex.1995); *Harewood v. Sarah Allen Home for the Aged, Inc. (In re Sarah Allen Home for the Aged, Inc.),* 4 B.R. 724, 726 (Bankr.E.D.Pa.1980); *Weakland v. Avco Fin. Servs., Inc. (In re Weakland),* 4 B.R. 114, 115 (Bankr.D.Del.1980). I have previously indicated that I favor this interpretation of § 1930, and under appropriate circumstances believe that a bankruptcy court can apply

§ 1915(a) and authorize a party to proceed in forma pauperis in other proceedings within a bankruptcy case. *Burrell v. Letterlough (In re Burrell)*, 150 B.R. 369, 372–73 & n. 3 (Bankr.E.D.Va.1992).

This court need not address these issues, however, for regardless of whether or not the ability to proceed in forma pauperis exists in bankruptcy, Sanders has not met the requirements of § 1915(a). Specifically, under § 1915(a) a court may authorize a party to proceed in forma pauperis only if that party has filed an affidavit stating that they are unable to pay the required filing fee. Sanders submitted no such affidavit with his motion to proceed in forma pauperis. Accordingly, the motion must be denied.[4]

A separate order will be entered.

---

**4.** The Clerk's Office has indicated to the court that a form titled "Application To Proceed In Forma Pauperis, Supporting Documentation and Order" is available. A copy of this form is being sent to Sanders along with a copy of this opinion.