**Gary Ivan TERRY, Appellant,**

v.

**Sarah F. SPARROW, Trustee in the Gary Terry Bankruptcy Case, Appellee.**

**No. 1:03 CV 1195.**

United States District Court, M.D. North Carolina.

March 30, 2005.

452

Gary Ivan Terry, Greensboro, NC, pro se.

Sarah Flintom Sparrow, Tuggle Duggins & Meschan, P.A., Greensboro, NC, pro se.

### MEMORANDUM OPINION

BEATY, District Judge.

This matter is before the Court on an appeal in Bankruptcy Case Number 01–12750, which involves the personal Chapter 7 bankruptcy of Appellant Gary Ivan Terry ("Mr.Terry"). Mr. Terry, who is pro se, has appealed three rulings by the U.S. Bankruptcy Judge in his bankruptcy case: (1) a ruling denying Mr. Terry's motion to dismiss his Chapter 7 case; (2) a ruling denying Mr. Terry's request for administrative review of an agency decision; and (3) a ruling denying Mr. Terry's motion to remove the Trustee for failure to investigate. In this appeal, Mr. Terry has filed multiple motions [Document # 8,9] seeking sanctions against the Trustee. Mr. Terry has also moved for declaratory judgment [Document # 12, 14] challenging the procedure by which a Bankruptcy Trustee is

appointed and allowed to appear in a bankruptcy case under Title 11 of the United States Code. In addition, Mr. Terry has filed a motion to consolidate this appeal with Mr. Terry's appeals in other bankruptcy cases [Document # 22]. Finally, Mr. Terry has also filed a motion [Document # 15] requesting that this Court withdraw his case from the Bankruptcy Court under 28 U.S.C. § 157(d). The Bankruptcy Trustee, Sarah F. Sparrow ("Trustee" or "Appellee") has filed a Motion to Dismiss the appeal [Document # 25].[1] For the reasons discussed in this Memorandum Opinion, the Court will deny Mr. Terry's various motions. The Motion to Dismiss by the Bankruptcy Trustee is granted, and the appeal is hereby dismissed.

## I. FACTUAL BACKGROUND

During the 1990s, Mr. Terry operated a business known as SCAT, Inc. ("SCAT"), a North Carolina Corporation that purchased above-ground storage tanks and then supplied the tanks to various customers and federal agencies. In 1995, SCAT was awarded a New Item Program contract with the Federal Supply Service of the General Services Administration ("GSA"). In 1996, as a result of what Mr. Terry contends was a bureaucratic mix-up, SCAT received two sets of orders for above-ground storage tanks for the Arkansas National Guard, when only one set of orders was actually intended to be made. SCAT invoiced GSA for both sets of orders, resulting in an overpayment of $545,161.20 to SCAT. GSA subsequently

sought repayment of that amount, contending that Mr. Terry instigated the overpayment and never delivered or attempted to deliver more than one set of tanks. GSA also contended that Mr. Terry prepared falsified documents to avoid repaying the $545,161.20. In addition, GSA contended that with regard to a separate, unrelated order, Mr. Terry caused SCAT to invoice GSA multiple times for the same shipping charges, resulting in SCAT receiving triple payment for an $8,300.00 shipping charge.

On October 29, 1999, the United States Attorney in Missouri brought a civil action against Mr. Terry and SCAT seeking to recover $1.8 million under the False Claims Act, based on the amount of the overpayments to SCAT, which were trebled under the False Claims Act, as well as civil penalties for each false claim. The Government claimed that a review of the documentation submitted by Mr. Terry revealed that several documents were fabricated and were submitted fraudulently in an attempt to avoid repayment, including falsified signatures, falsified invoices, and similar fraudulent documents. The Government ultimately chose to pursue criminal charges, and Mr. Terry was indicted on various charges related to these events. On September 26, 2001, Mr. Terry pled guilty to charges of Making a False Statement of a Material Fact to an Agency of the United States, in violation of 18 U.S.C. § 1001, and Obstruction of Justice, in violation of 18 U.S.C. § 1512(b). On October 5, 2001, Mr. Terry was sentenced to 15

1. The Court notes that Mr. Terry listed the "Bankruptcy Administrator" as the appellee in his appeal brief. However, the Bankruptcy Administrator is an administrative officer of the Bankruptcy Court and is not a proper party in this appeal. The Bankruptcy Court appointed Ms. Sparrow as Chapter 7 Trustee to represent the Bankruptcy Estate. Ms. Sparrow, as Trustee, was a party to the bankruptcy orders under appeal. The Trustee has acted as Appellee in this appeal, and has responded to the appeals and moved to dismiss each of the appeals. Therefore, the Court concludes that the Trustee is the proper Appellee, and Mr. Terry's naming of the Bankruptcy Administrator will be disregarded.

months imprisonment, 3 years of supervised release, and restitution in the amount of $545,161.20. Mr. Terry appealed, and the Judgment was affirmed by the United States Court of Appeals for the Eighth Circuit on June 27, 2002.

On March 19, 2001, while the civil litigation against Mr. Terry was pending and prior to the initiation of the criminal proceedings, Mr. Terry filed a Chapter 13 Bankruptcy Petition in the Middle District of North Carolina pursuant to Title 11 of the United States Code. In his filings before the Bankruptcy Court, Mr. Terry stated that he filed the bankruptcy petition "for protection" against the civil action by the United States in Missouri. The United States Attorney in Missouri filed a proof of claim in Mr. Terry's bankruptcy case for $1.8 million based on the pending civil litigation in Missouri against Mr. Terry. On July 12, 2001, the Bankruptcy Court dismissed Mr. Terry's Chapter 13 Petition because the debts (including the $1.8 million) exceeded the statutory limits in 11 U.S.C. § 109 for a Chapter 13 bankruptcy. On October 22, 2001, the bankruptcy case was closed.[2]

On September 27, 2001, after his Chapter 13 case was dismissed, Mr. Terry filed a voluntary Chapter 7 Bankruptcy Petition in the Middle District of North Carolina. On March 10, 2003, a proof of claim was filed by GSA in the amount of $545,161.20, which reflected the criminal restitution judgment against Mr. Terry. On April 1, 2003, Mr. Terry filed a motion in the Bankruptcy Court for administrative review of an "agency decision," disputing GSA's determination that he had received an overpayment and was indebted to GSA for $545,161.20. On April 21, 2003, Mr.

Terry filed a motion to vacate or dismiss the Chapter 7 case for alleged creditor misconduct. On April 28, 2003, Mr. Terry filed a motion to remove the Chapter 7 Trustee for failure to investigate the GSA claim.

Mr. Terry essentially contends that the Bankruptcy Trustee and Bankruptcy Judge should undertake a review of GSA's underlying claim against Mr. Terry. Thus, in all of the motions, Mr. Terry seeks to relitigate his underlying contract dispute with the government agencies, and makes various accusations against all involved of fraud and violation of his constitutional rights. As the cases have progressed, Mr. Terry has extended his argument to include the Bankruptcy Trustee and the United States Bankruptcy Judge as part of his allegations of a conspiracy by all involved to deprive Mr. Terry of his rights by engaging in alleged fraudulent or unethical conduct.

## II. MOTIONS ON APPEAL

### A. Motion for Review of "Agency Decision"

■ Mr. Terry first appeals the Bankruptcy Court's ruling denying administrative review of an "agency decision." Mr. Terry claims that the "agency decision" at issue was GSA's determination in 1997 that Mr. Terry had received an overpayment and should be required to repay certain sums. However, GSA's present proof of claim was not based on that administrative determination, but was instead based on the criminal restitution order entered by the Federal District Court in Missouri against Mr. Terry in 2001. Thus, even if GSA's 1997 determination could be viewed

---

2. Mr. Terry subsequently moved to reopen that bankruptcy case. The Bankruptcy Court denied that request. In a separate Memorandum Opinion issued by this Court in case 1:04CV135, this Court affirmed the Bankruptcy Court's decision and denied Mr. Terry's request to reopen the Chapter 13 case.

as an "agency decision," that decision is not relevant in this case, since the present proof of claim was based on the criminal judgment, not the agency decision.

To the extent that Mr. Terry seeks to challenge the criminal judgment against him, this bankruptcy proceeding is not a proper forum for Mr. Terry to challenge his criminal conviction. Mr. Terry's contentions in this appeal focus primarily on his allegations of fraud and conspiracy by the government officials involved in the prior civil litigation and criminal case against him. However, Mr. Terry pled guilty to the criminal charges, and a criminal judgment was entered against him. That judgment was upheld on appeal. These bankruptcy proceedings may not be used as a means to collaterally attack the criminal sentence, and this Court will not entertain Mr. Terry's baseless allegations as part of this bankruptcy appeal. *Cf. Uecker & Assocs. v. L.G. Hunt & Assocs. (In re American Basketball League, Inc.),* 317 B.R. 121, 127 (Bankr.N.D.Cal.2004) (noting that a final criminal judgment "is entitled to full faith and credit" in the bankruptcy court, and is "not subject to collateral attack."). Therefore, the Court concludes that the Bankruptcy Court properly refused to review GSA's 1997 determination as part of the present bankruptcy proceedings.

### B. Motion to Dismiss Chapter 7 Case

■ Mr. Terry also appeals the Bankruptcy Court's refusal to dismiss the Chapter 7 case for what Mr. Terry claims is alleged creditor misconduct. In order to obtain the dismissal of a Chapter 7 case pursuant to 11 U.S.C. § 707, the debtor must make a showing of cause and demonstrate why a dismissal is justified. *See, e.g., In re Watkins,* 229 B.R. 907, 908 (Bankr.N.D.Ill.1999). A Chapter 7 debtor has no absolute right to dismissal of his or her case, and the motion to dismiss should be denied if the dismissal would result in prejudice to the creditors. *See Watkins,* 229 B.R. at 909; *In re Klein,* 39 B.R. 530, 532 (Bankr.E.D.N.Y.1984); *Turpen v. Eide (In re Turpen),* 244 B.R. 431, 434 (8th Cir. BAP 2000).

In the present case, the Court notes first that Mr. Terry voluntarily filed the Chapter 7 petition. A dismissal would leave Mr. Terry's creditors unprotected, and none of the creditors consents to the dismissal. The dismissal is opposed by the Trustee. Mr. Terry attempts to establish cause for dismissal based on his allegations of fraud and misconduct. However, the alleged fraud or misconduct related to the underlying criminal case against him is not relevant to this appeal. Mr. Terry voluntarily filed this petition, and Mr. Terry has failed to establish any fraud or misconduct to justify dismissal of the case. In fact, it is Mr. Terry who has failed to proceed in good faith, by failing to file required schedules and failing to voluntarily provide information regarding his assets and liabilities. Therefore, Mr. Terry's motion to dismiss the Chapter 7 case was properly denied.

### C. Motion to Remove Chapter 7 Trustee

■ Mr. Terry also appeals the Bankruptcy Court's denial of his motion to remove the Bankruptcy Trustee. Mr. Terry contends that the Bankruptcy Trustee should be removed for failure to investigate pursuant to 11 U.S.C. § 704. Specifically, Mr. Terry contends that the Trustee has "failed to investigate the financial affairs of the Debtor to pursue possible avoidable preferences."

However, Mr. Terry has failed to allege any transfers that might be avoidable and has not established any "avoidable preferences" for the Trustee to pursue. Mr.

Terry's briefs and attachments focus again on the underlying transactions between GSA and SCAT in 1996 and 1997. However, these documents do not disclose any preferential transfers for the Trustee to pursue. Therefore, the Court concludes that Mr. Terry has failed to allege or establish any preferential transfers that the Trustee failed to investigate.

Although it is unclear from Mr. Terry's motion, it appears that Mr. Terry may also be seeking to remove the Trustee based on his contention that the Trustee should have objected to GSA's proof of claim in this case. However, as noted above, GSA's proof of claim was based on a final criminal judgment, and Mr. Terry has stated no valid grounds for objecting to GSA's proof of claim. There is no basis for the Trustee to mount a collateral attack on that criminal judgment as part of the bankruptcy proceedings, and Mr. Terry's contention that the Trustee should be removed for failing to mount such a collateral attack is groundless. Therefore, this Court concludes that Mr. Terry's motion to remove the Trustee was properly denied.

### D. Motion to Proceed In Forma Pauperis

■ Finally, it also appears that Mr. Terry is attempting to appeal the Bankruptcy Judge's denial of his request to proceed in forma pauperis. After reviewing the record and the documents filed in this appeal, the Court concludes that Mr. Terry's request to proceed in forma pauperis should be denied because the underlying appeal is frivolous. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." However, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith," and the court shall dismiss the case if the action or appeal is "frivolous" or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915.[3]

■ A case is frivolous with respect to 28 U.S.C. § 1915 when the legal theory or the factual contentions lack an arguable basis. *See Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). It is difficult to discern Mr. Terry's basis for his appeal, but his filings are

**3.** There is a division of authority with respect to whether a debtor may ever be granted in forma pauperis status for appeal of a Bankruptcy Order. *See In re Fitzgerald*, 192 B.R. 861 (Bankr.E.D.Va.1996) (collecting cases). Under the decision of the United States Supreme Court in *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626, and under the language of 28 U.S.C. § 1930(a), a debtor must pay the initial filing fee when filing a bankruptcy petition, and that fee may not be waived under 28 U.S.C. § 1915. However, this limitation is not explicitly extended to other proceedings in the bankruptcy, such as the filing of an appeal from a decision of the Bankruptcy Court. Thus, some courts have concluded that "under appropriate circumstances ... a bankruptcy court can apply § 1915(a) and authorize a party to proceed in forma pauperis in other proceedings within a bankruptcy case." *Fitzgerald*, 192 B.R. at 862–63. The Court of Appeals for the Fourth Circuit has not addressed this issue, although the Fourth Circuit has determined that bankruptcy courts are "courts of the United States" because they are units of the district court. *See Grewe v. United States (In re Grewe)*, 4 F.3d 299, 304–05 (4th Cir.1993). This Court need not resolve this issue in the present case, however, because even if a debtor could proceed in forma pauperis under 28 U.S.C. § 1915(a) in a bankruptcy appeal, Mr. Terry has not met the requirements of § 1915(a), as discussed above.

focused primarily on his contention that he has been deprived of his constitutional rights based on alleged fraud and misrepresentations by the government officials involved in the original contract dispute and subsequent investigation and criminal prosecution. However, as noted above, this bankruptcy appeal is not the forum to attempt to vindicate these alleged wrongs. Mr. Terry presents no legal or factual basis to support his appeal with respect to the issue of the denial of his request to proceed in forma pauperis. In fact, it is difficult to discern any contentions that Mr. Terry has raised with regard to this issue. Therefore, the Court concludes that Mr. Terry's motion to proceed in forma pauperis was properly denied.

## III. OTHER MOTIONS BY MR. TERRY

█ Mr. Terry previously requested an *extension of time to file his brief, and also* moved for sanctions against the Trustee. On May 5, 2004, this Court granted Mr. Terry an extension of time for 30 days to file his brief, and denied his request for sanctions against the Trustee. Mr. Terry has now filed an additional motion for sanctions, and has also filed a motion for reconsideration of his previous request for sanctions [Document # 8, 9]. With these motions, Mr. Terry seeks sanctions against the Bankruptcy Trustee and seeks to remove the Trustee, purportedly for violating his constitutional due process rights by opposing his appeal and by representing the estate in the bankruptcy proceedings. The Court finds that Mr. Terry's motions are completely baseless, and there is nothing in the record before the Court to indicate any misrepresentation or misconduct by the Trustee. Therefore, Mr. Terry's motions for reconsideration and for sanctions [Documents # 8, 9] will be denied.

█ Mr. Terry has also moved for Declaratory Judgment [Document # 12, 14] requesting this Court (1) to declare the process by which the Bankruptcy Administrator appoints Chapter 7 trustees under Title 11 to be in violation of the due process of law and (2) to enjoin the Bankruptcy Administrator from further employing such practices. The Court notes first that Mr. Terry's claims are procedurally barred on appeal because Mr. Terry failed to raise these issues in the Bankruptcy Court and failed to properly invoke the jurisdiction of the Bankruptcy Court. In addition, the Court notes that it is the Bankruptcy Court, not the Bankruptcy Administrator, that appoints the individual trustees. Mr. Terry has failed to set forth any non-frivolous argument that the procedures employed by the Bankruptcy Court and Bankruptcy Administrator are unconstitutional. Therefore, Mr. Terry's Motions for Declaratory Judgment [Document # 12, 14] are denied.

█ Mr. Terry has also moved to consolidate all of his appeals, including appeals involving separate bankruptcy cases. The Court finds that the interests of efficiency and judicial economy would not be served by allowing the motion to consolidate. Each bankruptcy case involves a separate entity with a separate Bankruptcy Estate. In addition, the appeals raise different issues to be considered by the Court, and consolidating the appeals would result in unnecessary confusion. Therefore, Mr. Terry's Motions to Consolidate [Document # 22] will be denied.

## IV. WITHDRAWAL OF THE CASE FROM THE BANKRUPTCY COURT

█ Finally, Mr. Terry has moved for withdrawal of his case from the Bankruptcy Court [Document # 15]. Mr. Terry contends that because the Bankruptcy

Court is not an "Article III" Court, the exercise of jurisdiction by the Bankruptcy Court has deprived him of his due process rights. Under 28 U.S.C. § 1334, the District Court has original and exclusive jurisdiction over a Title 11 case, but the District Court may refer jurisdiction to the Bankruptcy Court in all cases under Title 11 and in any or all proceedings arising under Title 11 or related to a case under Title 11. *See* 28 U.S.C. § 1334, 28 U.S.C. § 157. Pursuant to 28 U.S.C. § 157(d), the District Court may, and in some cases must, withdraw a reference of the proceedings in whole or in part. Under this provision, the District Court must withdraw a referral to the Bankruptcy Court if "resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Mandatory withdrawal thus applies if a proceeding "arises in a Title 11 case and presents a non-Title 11 federal question which will affect the outcome of the proceeding." *In re Contemporary Lithographers, Inc.*, 127 B.R. 122, 127 (M.D.N.C.1991); *see also In re U.S. Airways Group, Inc.*, 296 B.R. 673, 679 (E.D.Va.2003) (noting that "an issue or question of non-bankruptcy federal law must be essential or material to the disposition of the bankruptcy proceeding before withdrawal of the reference is mandated").

In the present case, the Bankruptcy Trustee contends that Mr. Terry's Motion for Withdrawal of the Referral is invalid because it was not filed with the Bankruptcy Court as required by the Federal Rules of Bankruptcy Procedure, and because it was not filed in a timely manner. The Bankruptcy Trustee also contends that Mr. Terry has not identified any proceedings that may properly be brought as part of the Chapter 7 case which would require mandatory withdrawal.

The Court notes again that Mr. Terry brings claims and contentions based on what he views as fraudulent acts by various government officials related to the civil litigation and subsequent criminal case brought against him by the United States Government. However, these allegations of constitutional violations and the attempted collateral attack on his criminal sentence are outside the scope of his bankruptcy proceeding. Mr. Terry has had every opportunity to raise his contentions in the criminal proceedings against him, and in the subsequent appeals. Mr. Terry has not identified any proceeding regarding these issues that has properly arisen in the Title 11 case. Therefore, there is no basis for withdrawal of the case from the Bankruptcy Court. There are simply no provisions of federal law that must be resolved as part of the bankruptcy proceedings, other than the bankruptcy statutes in Title 11. Therefore, the provisions of § 157(d) do not require mandatory withdrawal of this case from the Bankruptcy Court.

■ Moreover, Mr. Terry has failed to establish any basis for discretionary withdrawal in this case. Under § 157(d), a court may withdraw the reference to the Bankruptcy Court for "cause shown." Mr. Terry has failed to establish that any withdrawal of the reference would be more efficient or just, particularly since the Bankruptcy Court is also handling numerous other related matters in which Mr. Terry is involved. Thus, "keeping the reference in place in this case at this time both expedites the process and helps ensure the uniform administration of bankruptcy proceedings." *In re U.S. Airways Group*, 296 B.R. at 682 (noting various factors for discretionary withdrawal). Therefore, this Court in the exercise of its discretion declines to withdraw the case from the Bankruptcy Court. For all of

these reasons, Mr. Terry's Motion to Withdraw [Document # 15] is denied.

## V. CONCLUSION

After reviewing the substance of the appeals and for the reasons discussed above, the Court concludes that Appellee's Motion to Dismiss the Appeal [Document # 25] is granted, and this appeal is dismissed. Mr. Terry's Motions for Reconsideration and for Sanctions [Documents # 8, 9] are denied, and Mr. Terry's Motions for Declaratory Judgment [Document # 12, 14] are also denied. Mr. Terry's Motion to Consolidate [Document # 22] is denied. Finally, Mr. Terry's Motion requesting that this Court withdraw this case from the Bankruptcy Court and assume jurisdiction under 28 U.S.C. § 157(d) [Document # 15] is denied.

As a result of these rulings, this case is dismissed in its entirety. The Court also notes that Mr. Terry currently has pending before this Court over 30 motions in 7 separate bankruptcy appeals. Mr. Terry continues to file various appeals, all based on the same general contentions disputing the underlying civil and criminal claims against him. However, Mr. Terry has apparently paid the filing fee with respect to only one of these appeals. While the Court will separately address all of the remaining matters that are presently pending before it, given this background, the Court in its discretion concludes that Mr. Terry must be required to pay the standard fee for filing any future appeals. Therefore, the Clerk of Court is hereby directed that no future bankruptcy appeals by Mr. Terry are to be accepted unless the appeal is accompanied by payment in full of the required filing fee.

An Order and Judgment consistent with this Memorandum Opinion will be filed contemporaneously herewith.

## *ORDER AND JUDGMENT*

After reviewing the substance of the appeals and for the reasons discussed above, the Court concludes that Appellee's Motion to Dismiss the Appeal [Document # 25] is GRANTED, and this appeal is DISMISSED. Mr. Terry's Motions for Reconsideration and for Sanctions [Documents # 8, 9] are DENIED, and Mr. Terry's Motions for Declaratory Judgment [Document # 12, 14] are also DENIED. Mr. Terry's Motion to Consolidate [Document # 22] is DENIED. Finally, Mr. Terry's Motion requesting that this Court withdraw this case from the Bankruptcy Court and assume jurisdiction under 28 U.S.C. § 157(d) [Document # 15] is DENIED.

As a result of these rulings, this case is dismissed in its entirety. The Court also notes that Mr. Terry currently has pending before this Court over 30 motions in 7 separate bankruptcy appeals. Mr. Terry continues to file various appeals, all based on the same general contentions disputing the underlying civil and criminal claims against him. However, Mr. Terry has apparently paid the filing fee with respect to only one of these appeals. While the Court will separately address all of the remaining matters that are presently pending before it, given this background, the Court in its discretion concludes that Mr. Terry must be required to pay the standard fee for filing any future appeals. Therefore, the Clerk of Court is hereby directed that no future bankruptcy appeals by Mr. Terry are to be accepted unless the appeal is accompanied by payment in full of the required filing fee.