Gary Ivan **TERRY**, Appellant,

v.

**Anita Jo Kinlaw TROXLER, Standing Trustee, Appellee.**

Nos. 1:04 CV 135, 1:04 CV 136, 1:03 CV 1212.

United States District Court, M.D. North Carolina.

March 30, 2005.

Gary Ivan Terry, Greensboro, NC, pro se.

Anita Jo Kinlaw Troxler, Greensboro, NC, pro se.

Jennifer Rebecca Harris, Greensboro, NC, for Appellee.

## MEMORANDUM OPINION

BEATY, District Judge.

This matter is before the Court on multiple appeals in Bankruptcy Case Number 01–10713, which involves the personal

Chapter 13 Bankruptcy of Appellant Gary Ivan Terry ("Mr. Terry"). Mr. Terry, who is pro se, has appealed various rulings by the U.S. Bankruptcy Judge in his Bankruptcy Case. In appeal number 1:04CV135, Mr. Terry appeals a ruling of the Bankruptcy Judge denying Mr. Terry's petition to reopen his Chapter 13 Bankruptcy. In appeal numbers 1:04CV136 and 1:03CV1212, Mr. Terry appeals the Bankruptcy Judge's denial of his motions to proceed in forma pauperis. Mr. Terry has also filed a motion in all three appeals requesting that this Court withdraw this case from the Bankruptcy Court under 28 U.S.C. § 157(d). The Bankruptcy Trustee, Anita Jo Kinlaw Troxler ("Bankruptcy Trustee" or "Appellee") has filed motions to dismiss all three appeals. For the reasons discussed in this Memorandum Opinion, the Court will allow Mr. Terry's Motions to Consolidate the Appeals in these three appeals all related to Bankruptcy Case Number 01–10713. However, Mr. Terry's remaining motions are denied. The motions by the Bankruptcy Trustee are granted, and all of the present appeals are hereby dismissed.

Mr. Terry also seeks to vacate his separate Chapter 7 Bankruptcy Case, No. 01–12750. However, Mr. Terry has separately appealed the Bankruptcy Court's rulings in that case, and the Court will not consider the separate Chapter 7 case as part of the instant case.

## I. FACTUAL BACKGROUND

During the 1990s, Mr. Terry operated a business known as SCAT, Inc. ("SCAT"), a North Carolina Corporation that purchased above-ground storage tanks and then supplied the tanks to various customers and federal agencies. In 1995, SCAT was awarded a New Item Program contract with the Federal Supply Service of the General Services Administration ("GSA"). In 1996, as a result of what Mr. Terry contends was a bureaucratic mix-up, SCAT received two sets of orders for above-ground storage tanks for the Arkansas National Guard, when only one set of orders was actually intended to be made. SCAT invoiced GSA for both sets of orders, resulting in an overpayment of $545,161.20 to SCAT. GSA subsequently sought repayment of that amount, contending that Mr. Terry instigated the overpayment and never delivered or attempted to deliver more than one set of tanks. GSA also contended that Mr. Terry prepared falsified documents to avoid repaying the $545,161.20. In addition, GSA contended that with regard to a separate, unrelated order, Mr. Terry caused SCAT to invoice GSA multiple times for the same shipping charges, resulting in SCAT receiving triple payment for an $8,300.00 shipping charge.

On October 29, 1999, the United States Attorney in Missouri brought a civil action against Mr. Terry and SCAT seeking to recover $1.8 million under the False Claims Act, based on the amount of the overpayments to SCAT, which were trebled under the False Claims Act, as well as civil penalties for each false claim. The Government claimed that a review of the documentation submitted by Mr. Terry revealed that several documents were fabricated and were submitted fraudulently in an attempt to avoid repayment, including falsified signatures, falsified invoices, and similar fraudulent documents. The Government ultimately chose to pursue criminal charges, and Mr. Terry was indicted on various charges related to these events. On September 26, 2001, Mr. Terry pled guilty to charges of Making a False Statement of a Material Fact to an Agency of the United States, in violation of 18 U.S.C. § 1001, and Obstruction of Justice, in violation of 18 U.S.C. § 1512(b). On October 5, 2001, Mr. Terry was sentenced to 15

months imprisonment, 3 years of supervised release, and restitution in the amount of $545,161.20. Mr. Terry appealed, and the Judgment was affirmed by the United States Court of Appeals for the Eighth Circuit on June 27, 2002.

On March 19, 2001, while the civil litigation against Mr. Terry was pending and prior to the initiation of the criminal proceedings, Mr. Terry filed a Bankruptcy Petition in the Middle District of North Carolina pursuant to Title 11 of the United States Code. In his filings before the Bankruptcy Court, Mr. Terry stated that he filed the Bankruptcy petition "for protection" against the civil action by the United States in Missouri. The United States Attorney in Missouri filed a proof of claim in Mr. Terry's Bankruptcy Case for $1.8 million based on the pending civil litigation in Missouri against Mr. Terry. On July 12, 2001, the Bankruptcy Court dismissed Mr. Terry's Chapter 13 Petition because the debts (including the $1.8 million) exceeded the statutory limits in 11 U.S.C. § 109 for a Chapter 13 Bankruptcy. On October 22, 2001, the Bankruptcy case was closed.

Over a year later, on January 14, 2003, Mr. Terry moved to have the Chapter 13 Bankruptcy reopened. Mr. Terry contended that the case should be reopened because the $1.8 million proof of claim was "fraudulent" and "baseless." On March 31, 2003, the Assistant United States Attorney withdrew the $1.8 million proof of claim because the civil action against Mr. Terry had been voluntarily dismissed after the criminal judgment became final. However, the letter withdrawing the $1.8 million proof of claim noted that "[t]he United States Attorney's Office for the Western District of Missouri recently filed a new proof of claim premised on the criminal restitution order entered against Mr. Terry. That new proof of claim should remain in place." Thus, the $1.8 million proof of claim was withdrawn, but a new proof of claim for $545,161.20 was filed to reflect the criminal restitution judgment against Mr. Terry. On April 24, 2003, the Bankruptcy Court denied Mr. Terry's motion to reopen the Chapter 13 Bankruptcy. Mr. Terry subsequently appealed that decision to this Court ("Appeal # 1," designated as 1:04CV135).

On April 28, 2003, Mr. Terry filed a motion with the Bankruptcy Judge for leave to proceed in forma pauperis on his appeal to this Court in Appeal # 1. The Bankruptcy Judge found that the appeal was frivolous, and denied Mr. Terry's request to proceed in forma pauperis on May 16, 2003. On May 23, 2003, Mr. Terry moved the Bankruptcy Court for reconsideration of its denial of his request to proceed in forma pauperis. On June 12, 2003, the Bankruptcy Court granted Mr. Terry's request for reconsideration and vacated the May 16, 2003 order in order to more fully consider Mr. Terry's contentions. However, after reconsidering the request, the Bankruptcy Court again found that the appeal was frivolous and denied Mr. Terry's request to proceed in forma pauperis. Mr. Terry appealed that decision to this Court ("Appeal # 2," designated as 1:04CV136). On June 16, 2003, Mr. Terry filed an additional motion to proceed in forma pauperis as to Appeal # 2. The Bankruptcy Court denied that request on June 18, 2003. Mr. Terry appealed that denial to this Court ("Appeal # 3," designated as 1:03CV1212).

Mr. Terry essentially contends that his Chapter 13 Bankruptcy should be reopened because the $1.8 million proof of claim filed by the United States Attorney from Missouri was baseless and was ultimately withdrawn. Mr. Terry also alleges that his attorney in the bankruptcy proceedings conspired with the United States

Attorney to deprive Mr. Terry of his constitutional rights. In all of the appeals, Mr. Terry seeks to relitigate his underlying contract dispute with the government agencies, and makes various accusations against all involved of fraud and violation of his constitutional rights. As the cases have progressed, Mr. Terry has extended his argument to include the Bankruptcy Trustee and the United States Bankruptcy Judge as part of his allegations of a conspiracy by all involved to deprive Mr. Terry of his rights by engaging in alleged fraudulent or unethical conduct.

In Appeal # 3 (case number 1:03CV1212), related to his final request to proceed in forma pauperis, Mr. Terry has filed a Motion to Reopen the Chapter 13 Bankruptcy [Document # 3] and a request for a hearing [Document # 6]. The Bankruptcy Trustee has filed a Motion for Dismissal of the Appeal [Document # 7]. In addition, Mr. Terry has filed various procedural motions. These include a Motion for Reconsideration and for Sanctions [Document # 16], a renewed Motion for Sanctions against the Bankruptcy Trustee [Document # 20], and a Motion for Discovery and a Hearing [Document # 29]. Mr. Terry has also filed Motions to Consolidate the Appeals [Documents # 22, 25] [1]. In addition, on August 20, 2004, Mr. Terry filed a motion requesting that this Court withdraw the referral of this case to the Bankruptcy Court [Document # 33].[2]

## II. MOTIONS TO CONSOLIDATE

■ Mr. Terry has requested that the three appeals in Bankruptcy Case Number 01–10713 be consolidated into a single appeal in this Court [Document # 22, 25].

The Bankruptcy Trustee opposes that motion, noting that the appeals raise different issues. The Court agrees that the appeals raise separate issues, and for that reason, the Court will address the substance of each of the appeals separately below. However, all of the appeals arise from the same Bankruptcy Case, and there are various procedural motions that are common to all three appeals and that can be addressed in a single discussion. Therefore, the Court will grant the Motion to Consolidate [Document # 22, 25], and will consolidate cases 1:04CV135, 1:04CV136 and 1:03CV1212, which all arise out of Bankruptcy Case 01–10713. As a result of this ruling, the Court will first discuss below each of the three appeals separately. The Court will then discuss the procedural motions that have been made in all three appeals.

## III. MOTION TO REOPEN CHAPTER 13 BANKRUPTCY CASE (APPEAL # 1—1:04CV135)

■ Mr. Terry first appeals the Bankruptcy Court's denial of his request to reopen his Chapter 13 case. The Bankruptcy Trustee has moved to dismiss this appeal [Document # 1]. The Court will treat Mr. Terry's motion as a motion made pursuant to Rule 60(b), which applies when a bankruptcy case has been dismissed. *See* Bankruptcy Rule 9024. Under Rule 60(b), a party may move for relief from a final judgment due to fraud, misrepresentation or misconduct, or for any other reason justifying relief from the operation of the judgment. However, if a party seeks Rule 60(b) relief based on allegations of

---

1. Mr. Terry filed identical motions in case number 1:04CV135 [Document # 5, 9] and case number 1:04CV136 [Document # 5, 9]. Unless otherwise noted, the Court will identify the various motions by the document numbers assigned in case number 1:03CV1212.

2. Mr. Terry filed an identical motion in case number 1:04CV135 [Document # 19] and case number 1:04CV136 [Document # 17].

fraud or misconduct, the motion must be brought within one year of the entry of the judgment or order. In this case, Mr. Terry failed to move to reopen his case until 18 months after the case was dismissed, and his Rule 60(b) motion based on allegations of fraud or misconduct is therefore untimely.

■ Moreover, even if the Court considers the substance of Mr. Terry's motion, Mr. Terry has failed to present any basis for reopening the case. First, the Court notes that to proceed with a Chapter 13 Individual Debt Readjustment Plan, an individual must have a regular income and his or her noncontingent, liquidated debt must not exceed $269,250.00 for cases filed before April 1, 2001. *See* 11 U.S.C. §§ 109(e), 104(b).[3] In the present case, Mr. Terry's Chapter 13 Bankruptcy was dismissed because the $1.8 million proof of claim filed by the United States based on the civil action pending against Mr. Terry in Missouri established that Mr. Terry's debts far exceeded the statutory limits. The United States subsequently withdrew that proof of claim, but only because a criminal case was brought against Mr. Terry in lieu of the civil action. Mr. Terry pled guilty to the criminal charges against him, and the District Court in Missouri entered a judgment against him that included an order for $545,161.20 in restitution. Based on this Order, the United States still has a claim against Mr. Terry for over $500,000. Thus, even if the Chapter 13 case were reopened so that the $1.8 million proof of claim could be disregarded, Mr. Terry's debts would still exceed the statutory limits and Mr. Terry's Chapter 13 case would be dismissed. Therefore, there is no basis to reopen the Chap-

ter 13 case, since any reopened case would itself be dismissed for the same reason.

■ Moreover, the Court also notes that Mr. Terry's filings in this appeal focus primarily on his allegations of fraud and conspiracy by the government officials involved in the prior civil litigation and criminal case against him. Thus, it is clear from the pleadings that Mr. Terry is attempting to use the Chapter 13 case as a means to redress his claims regarding the actions of various officials in the civil and criminal litigation against him. The Court has reviewed his allegations, and finds them to be baseless and frivolous. The Court finds that Mr. Terry's filings fail to establish any fraud on the Court. In addition, the Court finds that Mr. Terry's conspiracy allegations and objections to the underlying criminal charges do not create an appropriate basis for reopening the Bankruptcy Case. Mr. Terry pled guilty to the criminal charges, and a criminal judgment was entered against him. That judgment was upheld on appeal. These Bankruptcy proceedings may not be used as a means to collaterally attack the criminal sentence, and this Court will not entertain Mr. Terry's baseless allegations as part of this Bankruptcy appeal. *Cf. Uecker & Assocs. v. L.G. Hunt & Assocs. (In re American Basketball League, Inc.)*, 317 B.R. 121, 127 (Bankr.N.D.Cal.2004) (noting that a final criminal judgment "is entitled to full faith and credit" in the bankruptcy court, and is "not subject to collateral attack."). Therefore, the Appellee's Motion to Dismiss the Appeal [Document #1 in 1:04CV135] is granted, and this appeal is dismissed.

---

3. Pursuant to 11 U.S.C. § 104, the limitation set forth in § 109(e) for noncontingent, liquidated, unsecured debts was upwardly adjusted to $290,525.00 effective April 1, 2001, and was adjusted to $307,625.00 effective April 1, 2004. However, the revised debt limits only apply to cases filed after the effective date of the upward adjustment.

## IV. MOTIONS TO PROCEED IN FORMA PAUPERIS (APPEALS #2, #3)

### A. Request to Proceed In Forma Pauperis—Appeal #2 (1:04CV136)

■ On April 28, 2003, Mr. Terry filed a motion with the Bankruptcy Judge for leave to proceed in forma pauperis on his appeal to this Court in Appeal #1. The Bankruptcy Judge found that the appeal was frivolous, and denied Mr. Terry's request to proceed in forma pauperis. On May 23, 2003, Mr. Terry moved the Bankruptcy Court for reconsideration of its denial of his request to proceed in forma pauperis. On June 12, 2003, the Bankruptcy Court granted Mr. Terry's request for reconsideration and vacated the May 16, 2003 order in order to more fully consider Mr. Terry's request. However, after reconsidering the request, the Bankruptcy Court again found that the appeal was frivolous and denied Mr. Terry's request to proceed in forma pauperis. Mr. Terry appealed that decision to this Court in what has been designated as 1:04CV136 (Appeal #2). The Bankruptcy Trustee filed a Motion for Dismissal of Appeal [Document #1].

■ Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." However, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith," and the court shall dismiss the case if the action or appeal is "frivolous" or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915.[4]

■ In the present case, the Bankruptcy Court found that the appeal lacked an arguable basis in law or fact and was frivolous as a matter of law. In addition, the Bankruptcy Court certified that the appeal was not taken in good faith. After reviewing the record and the documents filed in this appeal, the Court concludes that Mr. Terry's request to proceed in forma pauperis should be denied because the underlying appeal is frivolous. A case is frivolous with respect to § 1915 when the legal theory or the factual contentions lack an arguable basis. *See Neitzke v. Williams*, 490 U.S. 319, 325–27, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989)

---

4. There is a division of authority with respect to whether a debtor may ever be granted in forma pauperis status for appeal of a Bankruptcy Order. *See In re Fitzgerald*, 192 B.R. 861 (Bankr.E.D.Va.1996) (collecting cases). Under the decision of the United States Supreme Court in *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), and under the language of 28 U.S.C. § 1930(a), a debtor must pay the initial filing fee when filing a bankruptcy petition, and that fee may not be waived under 28 U.S.C. § 1915. However, this limitation is not explicitly extended to other proceedings in the bankruptcy, such as the filing of an appeal from a decision of the Bankruptcy Court. Thus, some courts have concluded that "under appropriate circumstances . . . a bankruptcy court can apply § 1915(a) and authorize a party to proceed in forma pauperis in other proceedings within a bankruptcy case." *Fitzgerald*, 192 B.R. at 862–63. The Court of Appeals for the Fourth Circuit has not addressed this issue, although the Fourth Circuit has determined that bankruptcy courts are "courts of the United States" because they are units of the district court. *See Grewe v. United States (In re Grewe)*, 4 F.3d 299, 304–05 (4th Cir.1993). This Court need not resolve this issue in the present case, however, because even if a debtor could proceed in forma pauperis under 28 U.S.C. § 1915(a) in a bankruptcy appeal, Mr. Terry has not met the requirements of § 1915(a), as discussed above.

("Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."). It is difficult to discern Mr. Terry's basis for his appeal, but his filings are focused primarily on his contention that he has been deprived of his constitutional rights based on alleged fraud and misrepresentations by the government officials involved in the original contract dispute and subsequent investigation and criminal prosecution. However, as noted above, this Bankruptcy appeal is not the forum to attempt to vindicate these alleged wrongs, and there is no arguable basis for any of Mr. Terry's legal contentions with respect to his Bankruptcy Case. Thus, the underlying appeal is baseless and without merit. In addition, Mr. Terry presents no legal or factual basis to support his appeal with respect to the issue of the denial of his request to proceed in forma pauperis. In fact, it is difficult to discern any contentions that Mr. Terry has raised with regard to this issue, which is the relevant issue for this appeal. Therefore, the Court concludes that Mr. Terry's motion to proceed in forma pauperis was properly denied. The Bankruptcy Trustee's Motion to Dismiss the Appeal [Document # 1 in 1:04CV136] is granted, and the appeal will be dismissed.

### B. Second Request to Proceed In Forma Pauperis—Appeal # 3 (1:03CV1212)

On June 16, 2003, Mr. Terry filed a subsequent motion to proceed in forma pauperis with respect to Appeal # 2. As discussed above, Appeal # 2 was itself a denial of his request to proceed in forma pauperis in Appeal # 1. The Bankruptcy Court denied the request on June 18, 2003. Mr. Terry appealed that denial to this Court in what has been designated as 1:03CV1212 (Appeal # 3). The Bankruptcy Trustee filed a Motion for Dismissal of Appeal [Document # 7]. The Trustee contends that Mr. Terry failed to timely designate the record on appeal. The Trustee also contends that the appeal is frivolous and was brought solely to circumvent the appeal process.

With respect to this appeal, Mr. Terry again contends that the Chapter 13 Bankruptcy should be reopened, and has made a motion as part of the appeal to reopen the Chapter 13 case [Document # 3]. However, the Court has already addressed the substance of that request, and Mr. Terry has not presented any additional issues or contentions specifically addressing the Bankruptcy Judge's denial of his request to proceed in forma pauperis. As discussed above, a Bankruptcy appeal is not a proper forum to litigate the validity of a prior criminal prosecution, and Mr. Terry has failed to demonstrate that he would be eligible for a Chapter 13 proceeding even if the case were reopened. Therefore, Mr. Terry's Motion to Reopen the Chapter 13 case [Document # 3], which was brought as part of this in forma pauperis appeal, is denied. In addition, as with the previous appeal, the Court concludes that Mr. Terry's subsequent request to proceed in forma pauperis was properly denied because the underlying appeals are frivolous. Therefore, the Bankruptcy Trustee's Motion to Dismiss the Appeal [Document # 7] is granted, and the appeal will be dismissed.

## V. PROCEDURAL MOTIONS

Mr. Terry has also moved for reconsideration of the Court's order granting the Bankruptcy Trustee an extension of time to file her brief [Document # 16]. As

part of that motion, Mr. Terry seeks sanctions against the Bankruptcy Trustee, purportedly for violating his constitutional due process rights by opposing his appeal. Mr. Terry filed a second motion for sanctions [Document # 20] against the Bankruptcy Trustee for presenting the Trustee's legal and factual contentions. The Court finds that Mr. Terry's motions are completely baseless, and there is nothing in the record before the Court to indicate any misrepresentation by the Trustee. Therefore, Mr. Terry's motions for reconsideration and for sanctions [Documents # 16, 20] will be denied.

Mr. Terry has also filed motions requesting discovery or a hearing [Document # 6, 29] with respect to his appeals. However, Mr. Terry has not established any need for a hearing or discovery relevant to the issues presented in these appeals. The appeals are appropriately dismissed for the reasons described above, and there are no relevant factual or legal contentions on which discovery or hearing would be required. Therefore, Mr. Terry's motions for discovery or a hearing [Document # 6, 29] are denied.

## VI. WITHDRAWAL OF THE CASE FROM THE BANKRUPTCY COURT

 Finally, Mr. Terry has moved for withdrawal of his case from the Bankruptcy Court [Document # 33]. Mr. Terry contends that because the Bankruptcy Court is not an "Article III" Court, the exercise of jurisdiction by the Bankruptcy Court has deprived him of his due process rights. Under 28 U.S.C. § 1334, the District Court has original and exclusive jurisdiction over a Title 11 case, but the District Court may refer jurisdiction to the Bankruptcy Court in all cases under Title 11 and in any or all proceedings arising under Title 11 or related to a case under Title 11. *See* 28 U.S.C. § 1334, 28 U.S.C. § 157. Pursuant to 28 U.S.C. § 157(d), the District Court may, and in some cases must, withdraw a reference of the proceedings in whole or in part. Under this provision, the District Court must withdraw a referral to the Bankruptcy Court if "resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Mandatory withdrawal thus applies if a proceeding "arises in a Title 11 case and presents a non-Title 11 federal question which will affect the outcome of the proceeding." *In re Contemporary Lithographers, Inc.*, 127 B.R. 122, 127 (M.D.N.C.1991); *see also In re U.S. Airways Group, Inc.*, 296 B.R. 673, 679 (E.D.Va.2003) (noting that "an issue or question of non-bankruptcy federal law must be essential or material to the disposition of the bankruptcy proceeding before withdrawal of the reference is mandated").

In the present case, the Bankruptcy Trustee contends that Mr. Terry's Motion for Withdrawal of the Referral is invalid because it was not filed with the Bankruptcy Court as required by the Federal Rules of Bankruptcy Procedure, and because it was not filed in a timely manner. The Bankruptcy Trustee also contends that Mr. Terry has not identified any proceedings that may properly be brought as part of the Chapter 13 case which would require mandatory withdrawal.

The Court notes first that there is no need to withdraw the referral in this case because, as the Court has ruled above, the Chapter 13 case was properly closed and any attempt to reopen it would be futile since Mr. Terry does not qualify for a Chapter 13 Bankruptcy. Therefore, there is no Bankruptcy Case to withdraw. In addition, the Court notes that Mr. Terry failed to file his motion with the Bankrupt-

cy Court as required by Federal Rules of Bankruptcy Procedure 5005 and 5011(a). For these reasons, Mr. Terry's Motion for withdrawal of the case from the Bankruptcy Court will be denied.

■ In addition, the Court notes that Mr. Terry brings claims and contentions based on what he views as fraudulent acts by various government officials related to the civil litigation and subsequent criminal case brought against him by the United States Government. However, these allegations of constitutional violations and the attempted collateral attack on his criminal sentence are outside the scope of his Bankruptcy proceeding. Mr. Terry has had every opportunity to raise his contentions in the criminal proceedings against him, and in the subsequent appeals. Mr. Terry has not identified any proceeding regarding these issues that has properly arisen in the Title 11 case. Therefore, even if the Chapter 13 case could or should be reopened, there is no basis for withdrawal of the case from the Bankruptcy Court. There are simply no provisions of federal law that must be resolved as part of the Bankruptcy proceedings, other than the bankruptcy statutes in Title 11. Therefore, the provisions of § 157(d) do not require mandatory withdrawal of this case from the Bankruptcy Court.

■ Moreover, Mr. Terry has failed to establish any basis for discretionary withdrawal in this case. Under § 157(d), a court may withdraw the reference to the Bankruptcy Court for "cause shown." Mr. Terry has failed to establish that any withdrawal of the reference would be more efficient or just, particularly since the Bankruptcy Court is also handling numerous other related matters in which Mr. Terry is involved. Thus, "keeping the reference in place in this case at this time both expedites the process and helps ensure the uniform administration of bank-

ruptcy proceedings." *In re U.S. Airways Group*, 296 B.R. at 682 (noting various factors for discretionary withdrawal). Therefore, this Court in the exercise of its discretion declines to withdraw the case from the Bankruptcy Court. For all of these reasons, Mr. Terry's Motion to Withdraw [Document # 33] is denied.

## VII. CONCLUSION

For the reasons discussed above, Mr. Terry's Motions to Consolidate [Document # 22, 25 in 1:03CV1212, Document # 5, 9 in 1:04CV135, and Document # 5, 9 in 1:04CV136] are granted, and the Court will consolidate cases 1:04CV135, 1:04CV136 and 1:03CV1212 which all arise out of Bankruptcy Case Number 01–10713.

After reviewing the substance of the appeals and for the reasons discussed above, the Court concludes that Appellee's Motion to Dismiss the Appeal [Document # 1 in 1:04CV135] is granted, and Appeal # 1 is dismissed. Likewise, Appellee's Motion to Dismiss the Second Appeal [Document # 1 in 1:04CV136] is also granted, and Appeal # 2 is dismissed.

With regard to Appeal # 3, case number 1:03CV1212, Mr. Terry's Motion to Reopen the Chapter 13 case [Document # 3] is denied. In addition, the Bankruptcy Trustee's Motion to Dismiss the Appeal [Document # 7] is granted, and Appeal # 3 is dismissed. Mr. Terry's Motions for Reconsideration and for Sanctions [Documents # 16, 20] are denied, and Mr. Terry's Motions for Discovery or a Hearing [Document # 6, 29] are also denied.

Finally, Mr. Terry's Motion requesting that this Court withdraw this case from the Bankruptcy Court and assume jurisdiction under 28 U.S.C. § 157(d) [Document # 33 in 1:03CV1212, Document # 19 in 1:04CV135 and Document # 17 in 1:04CV136] is denied.

As a result of these rulings, this case is dismissed in its entirety. The Court also notes that Mr. Terry currently has pending before this Court over 30 motions in 7 separate bankruptcy appeals. Mr. Terry continues to file various appeals, all based on the same general contentions disputing the underlying civil and criminal claims against him. However, Mr. Terry has apparently paid the filing fee with respect to only one of these appeals. While the Court will separately address all of the remaining matters that are presently pending before it, given this background the Court in its discretion concludes that Mr. Terry must be required to pay the standard fee for filing any future appeals. Therefore, the Clerk of Court is hereby directed that no future bankruptcy appeals by Mr. Terry are to be accepted unless the appeal is accompanied by payment in full of the required filing fee.

An Order and Judgment consistent with this Memorandum Opinion will be filed contemporaneously herewith.

## ORDER AND JUDGMENT

For the reasons discussed in the Memorandum Opinion filed contemporaneously herewith, Mr. Terry's Motions to Consolidate [Document # 22, 25 in 1:03CV1212, Document # 5, 9 in 1:04CV135, and Document # 5, 9 in 1:04CV136] are GRANTED, and the Court will consolidate cases 1:04CV135, 1:04CV136 and 1:03CV1212 which all arise out of Bankruptcy Case 01–10713.

After reviewing the substance of the appeals and for the reasons discussed above, the Court concludes that Appellee's Motion to Dismiss the Appeal [Document # 1 in 1:04CV135] is GRANTED, and Appeal # 1 is DISMISSED. Likewise, Appellee's Motion to Dismiss the Second Appeal [Document # 1 in 1:04CV136] is also GRANTED, and Appeal # 2 is DISMISSED.

With regard to Appeal # 3, case number 1:03CV1212, Mr. Terry's Motion to Reopen the Chapter 13 case [Document # 3] is DENIED. In addition, the Bankruptcy Trustee's Motion to Dismiss the Appeal [Document # 7] is GRANTED, and Appeal # 3 is DISMISSED. Mr. Terry's Motions for Reconsideration and for Sanctions [Documents # 16, 20] are DENIED, and Mr. Terry's Motions for Discovery or a Hearing [Document # 6, 29] are also DENIED.

Finally, Mr. Terry's Motion requesting that this Court withdraw this case from the Bankruptcy Court and assume jurisdiction under 28 U.S.C. § 157(d) [Document # 33 in 1:03CV1212, Document # 19 in 1:04CV135 and Document # 17 in 1:04CV136] is DENIED.

As a result of these rulings, this case is dismissed in its entirety. The Court also notes that Mr. Terry currently has pending before this Court over 30 motions in 7 separate bankruptcy appeals. Mr. Terry continues to file various appeals, all based on the same general contentions disputing the underlying civil and criminal claims against him. However, Mr. Terry has apparently paid the filing fee with respect to only one of these appeals. While the Court will separately address all of the remaining matters that are presently pending before it, given this background the Court in its discretion concludes that Mr. Terry must be required to pay the standard fee for filing any future appeals. Therefore, the Clerk of Court is hereby directed that no future bankruptcy appeals by Mr. Terry are to be accepted unless the appeal is accompanied by payment in full of the required filing fee.