**In re Robin Virginia HEINZE, Debtor.**

**Sara A. Conti, Trustee in Bankruptcy for the Estate of Robin Virginia Heinze, Plaintiff,**

v.

**George Paul Laroque, Defendant.**

**Bankruptcy No. 02–83050C–7D.
Adversary No. 08–09012.**

United States Bankruptcy Court,
M.D. North Carolina,
Durham Division.

July 29, 2011.

John T. Orcutt, Raleigh, NC, for Debtor.

## ORDER

WILLIAM L. STOCKS, Bankruptcy Judge.

This case came before the court on July 28, 2011, for hearing upon the Motion and Application to Proceed Without Prepayment of Fees ("Application") filed by George Paul Laroque ("Applicant"). No appearance was made at the hearing by or on behalf of the Applicant. Having nevertheless carefully considered the Application and the affidavit submitted with the Application, the court has concluded that the Application should be denied.

It appears that the Application was filed pursuant to 28 U.S.C. § 1915. There is some disagreement as to whether a bankruptcy court has authority under 28 U.S.C. § 1915 to authorize a litigant to proceed in forma pauperis in a bankruptcy case. *Compare In re Perroton,* 958 F.2d 889, 896 (9th Cir.1992)(bankruptcy court cannot waive filing fees), with *In re Fitzgerald,* 192 B.R. 861 (Bankr.E.D.Va.1996)(collecting cases and concluding that bankruptcy court cannot waive filing fee for bankruptcy petition but can waive fees for other proceedings within a bankruptcy case). However, having considered the Application and the affidavit submitted by the Applicant, the court is satisfied that to the extent there is authority for this court to waive fees pursuant to 28 U.S.C. § 1915, this is not a case in which the court should do so.

Section 1915 was intended to provide indigent parties with the opportunity for meaningful access to the federal courts. However, even if a party is indigent, 28 U.S.C. § 1915 does not provide an unfettered, unlimited right to relief. Thus, relief under 28 U.S.C. § 1915 may be denied "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *See In re Reed,* 178 B.R. 817,

822 (Bankr.D.Ariz.1995)(quoting from *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989)).

In the present case, contrary to the statements in his affidavit, the Applicant is not indigent and unable to pay the modest costs related to an appeal to the District Court. To the contrary, the record in Case No. 02–83050 reflects that the Applicant is entitled to receive the sum of $13,499.84 from the Trustee as his share of proceeds realized from the sale of property that was jointly owned by the Debtor in that case and the Applicant. The Trustee has filed a final report and is on the verge of making a distribution of $13,499.84 to the Applicant. Moreover, even if the Applicant were indigent, which is not the case, the Applicant would not be entitled to relief under 28 U.S.C. § 1915 because his appeal lacks an arguable basis in either law or fact and is frivolous as a matter of law.

The affidavit required under section 1915 must "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to relief." The Applicant's statement of the issues he proposes to include in his proposed appeal are as follows:

1. Does the denial of a party to seek appellate review by and through an "application to proceed without prepayment of fees" constitute violations of "due process" and "equal protection" by documented evidence of indecency [sic] and poverty and in violation of 28 U.S.C., Section 1915?

2. Did the lower Courts hold jurisdiction when before a higher Court for review?

3. Can the documented introduction of perjured exhibits, testimony of record, interim reports and deposition be ignored when brought before the lower Courts?

It appears that the Applicant anticipates raising the foregoing issues in an appeal "to be" filed at some point in the future. The Application does not identify the orders or judgments from which he would be appealing. It appears, however, that the Applicant is seeking to appeal from orders that the Applicant already has unsuccessfully appealed from or orders from which no timely appeal has been taken. The Applicant obviously is not entitled to multiple appeals from the same orders. Additionally, it is clear that the time for any new appeals in this proceeding has long since passed.

All of the Applicant's previous appeals, including his previous appeals in this proceeding, were dismissed by the United States Court of Appeals for the Fourth Circuit on December 23, 2009. The last order in this proceeding prior to the filing of the Application was entered on April 16, 2009, which was more than two years prior to the filing of the Application and during which no notice of appeal has been filed. To the extent that the Application can be said to state an issue or matter for review, there is no rational argument in law or fact which would entitle the Applicant to relief with respect to such issue at this time. Applicant's proposed appeal is without merit and frivolous as a matter of law. Given the frivolousness of the proposed appeal, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any such appeal would not be taken in good faith. *See Meadows v. Trotter,* 855 F.Supp. 217, 219 (W.D.Tenn.1994) ("An appeal is not taken in good faith if the issue presented is frivolous.").

Now, therefore, the Application shall be and hereby is DENIED.